State of Rhode Island
vs.
John G. Miller, Alias, et als.
} Indictment No. 15638.

December 17, 1931.

O'CONNELL, J. This indictment charges the defendant Miller, together with two other defendants, designated as John Doe and Richard Roe, neither of whom has been apprehended, with the murder of one James H. McVay, a guard at the Rhode Island State Prison and Providence County Jail Murder in the Common Law form is charged in the indictment.

At the trial the jury was charged that there were three possible verdicts: murder in the first degree, murder in the second degree, or not guilty. The degrees of murder were fully defined and explained to the jury.

The case was tried on November 2, 3, 4, 5, 6, 7, 9 and 10, 1931, and resulted in a verdict of guilty of murder in the second degree. The defendant duly filed a motion for a new trial, based upon the usual grounds, but at the hearing on December 5, 1931, argued said motion mainly on the theory that the Court had erred in charging the jury on second degree murder, claiming that the only possible verdicts were murder in the first degree, or not guilty, and that on the evidence presented, a finding of second degree murder was not justified or warranted.

The guard James H. McVay was killed during an attempt to escape from the Rhode Island State Prison, in which at least two outsiders assisted. The overwhelming weight of the testimony showed that the defendant Miller and one Thomas "Pretty" McNeal were involved and actively participated in this attempt to escape. McVay was mortally wounded, during this attempted escape, by one of the defendants, who has not been identified or apprehended.

The law is well established that where several persons combine or conspire to commit an unlawful act, such as an attempt to escape from State Prison, each is criminally responsible for the acts of his associates or confederates committed in furtherance of any prosecution of the common design for which they combine. Each is responsible for everything done by his confederates, which follows incidentally in the execution of the common design, as one of its probable and natural consequences even though it was not intended as a part of the original design or common plan, or was even forbidden by one or more of the defendants.

"All who participate in the commission of a crime are severally responsible to the State as though the crime had been committed by any one of them, acting alone; there is no such thing as division of responsibility among the several participants in a crime."

The Court feels that a verdict of murder in the first degree would have been amply sustained by the evidence and intended originally to charge only on murder in the first degree. The evidence in the case, however, was partly direct and partly circumstantial and the Court concluded that there was testimony from which the jury might reasonably and properly decide that the guilt of the defendant was of a lesser degree than first degree murder. While the jury may under the Statute determine the degree of murder, whether charged in the indictment or not, the Court appreciates the fact that it should not charge on second degree murder unless the circumstances and facts in testimony would justify or support such a charge or such a verdict. But resolving the testimony most strongly in favor of the defendant, the Court felt that a verdict of guilty of second degree murder could, under all the circumstances, be properly returned in this case. The Court feels that the defendant was in no way prejudiced by such a charge; that the evidence warranted a finding either of first or second degree murder according to the view the jury took of the evidence and the inferences logically to be drawn therefrom.

A verdict of guilty of murder was in the opinion of the Court fully supported by the testimony; the jury has determined the degree of guilt, there was ample testimony to support such finding and the Court sees no valid reason why such verdict should be disturbed.

For the reasons above set forth, the defendant's motion for a new trial is denied.

For State: Attorney General.
For defendant: Hogan & Hogan.